# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | George M. Marovich | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 6177 | **DATE** | 7/15/2004 |
| **CASE TITLE** | Thomas vs. CitiMortgage, Inc. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ■ Status hearing set for 8/4/04 at 11:00AM.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] ENTER MEMORANDUM OPINION AND ORDER. CitiMortgage's motion to dismiss is granted in part and denied in part.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | JUL 15 2004 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | /5 |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | U.S. DISTRICT COURT CLERK | | |
| JD | courtroom deputy's initials | 2004 JUL 15 PM 3:01 | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

Robert C. Thomas,                )
                                 )
    Plaintiff,                   )
                                 )
v.                               )    03 C 6177
                                 )    Judge George M. Marovich
CitiMortgage, Inc.,              )
                                 )
    Defendant.                   )
                                 )

MEMORANDUM OPINION AND ORDER

Robert Thomas ("Thomas"), a citizen of Illinois, filed a five-count Complaint against CitiMortgage, Inc. ("CitiMortgage"), a Delaware corporation, seeking damages for negligent credit reporting (Count I); breach of contract (Count II); a violation of the Illinois Consumer Fraud and Deceptive Business Practices Act ("Consumer Fraud Act"), 815 Ill. Comp. Stat. 505/1, (Count III); tortuous interference (Count IV); and defamation (Count V). Jurisdiction is based on diversity of citizenship. 28 U.S.C. §§ 1441 and 1446. CitiMortgage moves to dismiss the Complaint pursuant to 12(b)(6). For the reasons set forth below, CitiMortgage's Motion to Dismiss is granted in part and denied in part.

BACKGROUND

The Complaint alleges the following relevant facts which, for the purposes of deciding this motion, are taken as true. Hishon v. King & Spaulding, 467 U.S. 63, 73 (1984). In 1979, Thomas entered into a mortgage agreement with CitiMortgage. In November 1996, when Thomas attempted to refinance the mortgage, he realized that

CitiMortgage's records stated that Thomas failed to make payments on three different occasions. Thomas claimed that CitiMortgage's records were incorrect and forwarded copies of payment checks to CitiMortgage. Thomas informed CitiMortgage that the discrepancy in its records could prevent Thomas from refinancing his home. In December 1996, Thomas sent a letter to CitiMortgage and again informed them of the error. On December 9, 1996, Thomas received a letter from CitiMortgage requesting from him front and back copies of checks for the mortgage for the months of March, April and May 1996 to prove that he did pay the rent for the three months. On December 16, 1996 Thomas sent a letter and copies of canceled checks for the months of March and April 1996. Since he did not have a copy of the check for May, Thomas also included his check register, claiming that this provided proof that the check was sent to CitiMortgage in May 1996. In his letter, Thomas stated that, although his bank was searching for the check, he had enclosed a second check to be applied to the May payment. Thomas stated that he would cancel the prior check or, in the event it had already been processed, he would accept a credit to his account. CitiMortgage cashed the check, but failed to change the status of Thomas's credit report. Thomas brought action against CitiMortgage for violating the terms set forth in his letter of December 16, 1996.

Thomas filed the original five-count Complaint in this Court on April 12, 2000 alleging negligent credit reporting, violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, tortious interference with prospective economic advantage, and defamation. On July 26, 2002, this Court dismissed Thomas's FCRA claims with prejudice, stating that Thomas had failed to state a cause of action. This Court declined to exercise supplemental jurisdiction over the state claims and dismissed them without

prejudice. Thomas filed a motion on July 29, 2002, seeking leave to file a proposed amended complaint and to remand the case to state court. This Court denied the motion as untimely.

Thomas filed his Amended Complaint in the Circuit Court of DuPage County on June 26, 2003. CitiMortgage removed the case to this Court pursuant to 28 U.S.C. §§ 1441 and 1446.

## DISCUSSION

I. Standard for a Motion to Dismiss

When considering a motion to dismiss, a court must view the complaint's allegations in the light most favorable to the plaintiff, and all well-pleaded facts in the complaint must be accepted as true. Wilson v. Formigoni, 42 F.3d 1060, 1062 (7th Cir. 1994). To withstand a motion to dismiss, a complaint must allege facts which sufficiently set forth the essential elements of the cause of action. Gray v. County of Dane, 854 F.2d 179, 182 (7th Cir. 1988). Dismissal is proper only if it appears beyond a doubt that a plaintiff can prove no set of facts in support of a claim which would entitle him to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957).

II. Statute of Limitations

CitiMortgage contends that Thomas's claims of defamation and violation of the Consumer Fraud Act, 815 Ill. Comp. Stat. 505/1 ("505/1") are barred by the statute of limitations. A plaintiff filing a claim pursuant to the Consumer Fraud Act must file the complaint within three years of the date the cause of action accrues. Highsmith v. Chrysler Credit Corp., 18 F.3d 434, 441 (7th Cir. 1994). The cause of action accrues when the plaintiff knows or reasonably should know of his injury and that it was wrongfully

caused. Id.

Thomas's claim pursuant to the Consumer Fraud Act is barred by the statute of limitations. Thomas knew of the alleged injury in November 1996. Therefore, the statute of limitations expired in November 1999. Thomas filed the Amended Complaint on June 26, 2003. Thus, Thomas's Consumer Fraud Act claim must be dismissed as untimely.

Thomas's defamation claim is also barred by the statute of limitations. "Illinois imposes a one-year statute of limitations on all defamation actions that begins to run when the defamatory statement was published." Muzikowski v. Paramount Pictures Corp., 322 F.3d 918, 923 (7th Cir. 2003). Furthermore, "a cause of action accrues at the time a plaintiff knew or should have known of the allegedly defamatory or false report." Dornhecker v. Ameritech Corp., 99 F. Supp. 2d 918, 932 (N.D. Ill. 2000). Thomas knew of the false report in November 1996. Thus, the statute of limitations for the defamation claim expired in November 1997. Thomas's defamation claim must also be dismissed as untimely.

III. Preemption by FCRA

The next issue the court must resolve is whether Thomas's negligent credit reporting claim is barred by the FCRA. "No consumer may bring any action or proceeding in the nature of defamation, invasion of privacy, or negligence with respect to the reporting of information against . . . any person who furnishes information to a consumer reporting agency based on information disclosed pursuant to section 1681(g), 1681(h), or 1681(m) of [the FCRA] . . . except as to false information furnished with malice or willful intent to injure such consumer." Dornhecker, 99 F. Supp. 2d at 930. Thus, common law claims will not be pre-empted by the FCRA if the plaintiff sufficiently

pleads that the alleged false information was communicated with malice or willful intent to injure the plaintiff. Id at 931. Courts have interpreted the term malice as a statement made "with knowledge that the statement was false or acted in reckless disregard of whether the statement was true or false." see e.g. Id.

Thomas's state claim of negligent credit reporting is not preempted by the FCRA. Thomas sufficiently alleges in his Complaint that CitiMortgage knew of the alleged discrepancy or false credit information and continued to publish the report. Complaint ¶ 6. Thomas further alleges in his Complaint that "the actions of the Defendant were intentional, willful, and malicious." Complaint ¶ 14. Thus, Thomas has sufficiently pleaded a claim of negligent credit reporting, which is not pre-empted by the FCRA.

IV. Tortious Interference

Thomas alleges that CitiMortgage's failure to correct the credit report has interfered with prospective economic benefits by preventing Thomas from obtaining refinancing at a reasonable cost. "To establish a claim for intentional interference with prospective economic advantage, a plaintiff must allege: (1) a reasonable expectancy of entering into a valid business relationship; (2) the defendant's knowledge of the expectancy; (3) an intentional and unjustified interference by the defendant that induced or caused a breach or termination of the expectancy; and (4) damages to the plaintiff resulting from the defendant's interference." Schaffner v. U.S. Bank N.A., No. 02 C 8062, 2004 U.S. Dist. LEXIS 6935 at *6 (N.D. Ill. Jan. 20, 2004).

Thomas sufficiently alleges the four elements of this tort in his Complaint. Thomas alleges that CitiMortgage knew of Thomas's efforts to refinance his mortgage and that CitiMortgage purposely interfered with the refinancing by publishing false

information. Thomas further alleges that CitiMortgage knew to be false or with reckless indifference as to whether the information was false. Complaint ¶ 6. The Complaint expressly alleges that Thomas reasonably expected to obtain financing. Id. Furthermore, Thomas alleges that interference by CitiMortgage caused a breach or termination of this prospective economic advantage and that he suffered damages as a result of the breach. Complaint ¶ 13. Since a prospective tortious interference claim has been properly alleged, the motion to dismiss this claim must be denied.

III. Breach of Contract

Thomas alleges that CitiMortgage breached the contract set forth in the letter dated December 16, 1996, in which Thomas agreed to pay the mortgage for the month of May if CitiMortgage would agree to correct the alleged inaccurate credit report.

> In Illinois, the element of contractual intent, generally a question of fact, may nonetheless be established as a matter of law when the material facts are not disputed. Intent can be inferred from conduct and, indeed, the very act of knowingly accepting and cashing or depositing a check upon which conditional language has been added is the hallmark of an accord and satisfaction. An agreement to do a thing in consideration of the settlement of a controversy or claim is not satisfaction. It is the doing of the thing agreed upon that has that effect. It is not the second contract but the performance of it which discharges the original contract. Under classical contract analysis, the tender of a check upon which 'payment in full' is clearly displayed debt. If the creditor takes and keeps the payment with actual or constructive knowledge of the condition, he has accepted the offer and the original debt is settled for the reduced amount.

Shea, Rogal and Associates, Ltd., v. Volkswagen, Inc., 576 N.E.2d 209, 213 (Ill. App. 1991). "The acceptance of the check given in full satisfaction of a disputed claim is an accord and satisfaction if the creditor took the check with notice of the condition upon which the check was tendered." Schultheis v. McWilliams Electric. Co., 579 N.E.2d 1100, 1103 (Ill. App. 1991).

Thomas alleges in his Complaint that a dispute existed as to whether payment had

been rendered to CitiMortgage. Complaint ¶ 11. Thomas further alleges that the terms of the new agreement were presented in the letter he sent along with the check and that CitiMortgage accepted the terms of the new contract by cashing the check thereby accepting the consideration. Complaint ¶ 15-16. CitiMortgage does not state a claim that it was unaware of the conditional language in the letter. By accepting the payment of the disputed claim, CitiMortgage accepted the new conditions of the contract. Consequently, CitiMortgage's Motion to Dismiss Thomas's breach of contract claim is denied.

## CONCLUSION

For the reasons set forth above, CitiMortgage's Motion to Dismiss Counts I and V is denied and its Motion to Dismiss Counts II, III and IV is granted.

ENTER:

George M. Marovich
States District Judge

DATED: July 15, 2004