UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ROBERT C. THOMAS, | ) |
| Plaintiff, | ) |
| | ) 03 C 6177 |
| v. | ) |
| | ) Judge George M. Marovich |
| CITIMORTGAGE, INC., | ) |
| Defendant. | ) |

### MEMORANDUM OPINION AND ORDER

Plaintiff Robert C. Thomas ("Thomas") filed a five-count complaint against defendant CitiMortgage, Inc. ("CitiMortgage"). The Court previously dismissed two of plaintiff's claims, and plaintiff's claims for negligent credit reporting, breach of contract and tortious interference are still pending. Plaintiff moves for summary judgment with respect to his breach of contract claim. For the reasons set forth below, the Court denies plaintiff's motion for summary judgment.

**I.     Background**

The following facts are undisputed unless otherwise noted.[1]

---

[1] Local Rule 56.1 outlines the requirements for the introduction of facts parties would like considered in connection with a motion for summary judgment. The Court enforces the rule strictly. *See Ammons v. Aramark Uniform Services, Inc.*, 368 F.3d 809, 817-818 (7th Cir. 2004). Facts that are submitted but do not conform with the rule are not considered by the Court. For example, facts not included in a party's Statement of Material Facts or in a party's Statement of Additional Facts are not considered by the Court because to do so would rob other parties of the opportunity to show such facts are disputed. In this case, for example, facts either party included in its briefs but not in its Rule 56.1 statement of facts are not considered by the Court because the other party had no opportunity to controvert the facts. Furthermore, the Court will not comb the record searching for issues of fact (or the lack thereof). Asserted "facts" not supported by deposition testimony, documents, affidavits or other evidence admissible for summary judgment purposes are not considered by the Court. Thus, because plaintiff (with one exception) failed to support his statement of facts with evidence, the Court considers only those facts in plaintiff's

Plaintiff Thomas is a citizen of the state of Illinois. Defendant CitiMortgage is a Delaware corporation with its principal place of business in Missouri.

In November 1979, Thomas assumed a previously existing mortgage, which CitiMortgage now holds. Under the terms of the mortgage, Thomas was required to make a monthly payment on the first day of each month. Beginning in April 1996, Thomas's payments on the mortgage became sporadic. Although a payment was due May 1, 1996, Thomas did not make a payment until June 24, 1996. The payment that was due June 1, 1996 was not paid and posted until July 29, 1996. The payment that was due July 1, 1996 was not paid and posted until August 22, 1996. The payment that was due August 1, 1996, was not paid and posted until September 23, 1996. The payments that were due September 1, 1996, October 1, 1996, November 1, 1996 and December 1, 1996, were not paid and posted until October 31, 1996, November 22, 1996, December 19, 1996 and December 26, 1996, respectively.

Beginning in May 1996, CitiMortgage contacted Thomas by letter and phone to inform him that his account was in arrears. On December 16, 1996, Thomas sent to Lee Hilliard ("Hilliard") of CitiMortgage a letter stating that he had sent check number 2279 to CitiMortgage on May 22, 1996 but that the check had apparently been lost. In the letter, Thomas also wrote:

> My primary concern is the effect on my credit rating and the fact that I have an application to refinace [sic] the mortgage which cannot be finalized, at great cost to me, unless this matter is resolved and my credit cleared up. I have enclosed a check in the amount of the monthly payment on condition that it be applied to tha [sic] May payment and that it will allow you to remove the negative material relative to my credit rating. I will put a stop payment on check # 2279, or

---

statement of facts that were admitted by defendant. Similarly, because plaintiff did not respond to defendant's statement of additional facts, the Court deems as undisputed those facts within defendant's statement of additional facts that were supported by evidence. The Court does not consider facts listed in defendant's statement of additional facts that were not supported by evidence.

> if it has already been processed somehow, I can be given a credit at the closing of the new mortgage.

CitiMortgage never received or deposited check # 2279. CitiMortgage did, however, cash the check enclosed with the December 16, 1996 letter and credited it to Thomas's account.

At CitiMortgage as of 1996, mail was sorted in a central mail room. Checks were sent directly to the cashiering department to be applied to accounts. The persons processing checks lacked the authority either to accept conditions on payments or to change credit reports. Hilliard, too, lacked the authority to consider terms or conditions customers attempted to place on mortgage payments.

## II. Summary Judgment Standards

Summary judgment should be granted when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). When making such a determination, the Court must construe the evidence and make all reasonable inferences in favor of the non-moving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986).

## III. Discussion

When considering a state law claim pursuant to the Court's diversity jurisdiction, the Court applies federal procedural rules and state substantive law. *Anderson v. Griffin*, 397 F.3d 515, 520 (7th Cir. 2005). The duty of a federal court applying state substantive law is "to predict what the state's highest court would do if presented with the identical issue." *Taco Bell Corp. v. Continental Casualty Co.*, 388 F.3d 1069, 1077 (7th Cir. 2004). In this case, the parties agree that Illinois law applies to plaintiff's breach of contract claim.

In his breach of contract claim, plaintiff asserts that he and CitiMortgage entered an agreement whereby he would make a payment on his mortgage in exchange for CitiMortgage's agreement to "remove the negative material" from his credit rating. Plaintiff claims that CitiMortgage accepted the contract when it cashed the check he enclosed with the December 16, 1996 letter. Plaintiff is not entitled to summary judgment on his breach of contract claim because he fails to put forth sufficient evidence from which a jury could find for him on an essential element of his case: that the agreement was supported by consideration.

Whether plaintiff's claim is considered as an accord and satisfaction or as a simple contract, he cannot prevail unless he establishes that consideration supported the agreement. *See Saichek v. Lupa*, 787 N.E.2d 827, 832, 204 Ill.2d 127, 135 (Ill. 2003) ("An accord and satisfaction is a contractual method of discharging a debt or claim. To constitute an accord and satisfaction there must be: (1) a *bona fide* dispute, (2) an unliquidated sum, (3) consideration, (4) a shared and mutual intent to compromise the claim, and (5) execution of the agreement."); *Smith v. Jones*, 497 N.E.2d 738, 740, 113 Ill.2d 126, 132 (Ill. 1986) ("the elements of a breach-of-contract cause of action [are]: offer, acceptance, consideration and failure to perform.").

Consideration can consist of a promise, an act or a forbearance. *DiLorenzo v. Valve and Primer Corp.*, 807 N.E.2d 673, 678, 347 Ill.App.3d 194, 200 (1st Dist. 2004). Something one is already legally obligated to do, however, cannot constitute consideration. *DiLorenzo*, 807 N.E.2d at 679, 347 Ill.App.3d at 201 ("The preexisting duty rule provides that where a party does what it is already legally obligated to do, there is no consideration because there has been no detriment.") (quoting *Johnson v. Maki & Associates, Inc.*, 289 Ill.App.3d 1023, 1025 (1997)); *In re: the Marriage of Coufal*, 510 N.E.2d 25, 28, 156 Ill.App.3d 814, 820 (1st Dist. 1987) (agreeing

that "the alleged consideration for the accord and satisfaction consisted wholly of pre-existing duties and, therefore, was not valid consideration.").

In this case, plaintiff is not entitled to summary judgment because he has failed to put forth evidence of consideration. Plaintiff claims that the payment he made with his December 16, 1996 letter constitutes consideration for the agreement. As of December 16, 1996, however, plaintiff was already two months in arrears on his mortgage payment. (Plaintiff had not made the payments due November 1, 1996 and December 1, 1996.) Thus, plaintiff was already legally obligated–under the terms of the mortgage–to make the payment he enclosed with the December 16, 1996 letter. Accordingly, that payment cannot be consideration for an additional agreement to "remove the negative material" from his credit rating. Plaintiff has not put forth any evidence of any additional consideration supporting the alleged agreement.

Accordingly, plaintiff is not entitled to judgment as a matter of law on his breach of contract claim, and his motion for summary judgment is denied.

## IV. Conclusion

For the reasons set forth above, the Court denies plaintiff's motion for summary judgment.

ENTER:

*/s/ George M. Marovich*

George M. Marovich
United States District Judge

DATED: 07/20/2005