UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| ROBERT C. THOMAS, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| | ) | 03 C 6177 |
| v. | ) | |
| | ) | Judge George M. Marovich |
| CITIMORTGAGE, INC., | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Robert C. Thomas ("Thomas") filed a five-count complaint against defendant CitiMortgage, Inc. ("CitiMortgage"). The Court previously dismissed two of plaintiff's claims. Plaintiff's claims for negligent credit reporting, breach of contract and tortious interference are still pending. Defendant filed a motion for summary judgment. Plaintiff argues that he is entitled to summary judgment, but he has not filed a motion. For the reasons set forth below, the Court grants defendant's motion for summary judgment.

**I.   Background**

The following facts are undisputed unless otherwise noted.[1]

---

[1] Local Rule 56.1 outlines the requirements for the introduction of facts parties would like considered in connection with a motion for summary judgment. The Court enforces the rule strictly. *See Ammons v. Aramark Uniform Services, Inc.*, 368 F.3d 809, 817-818 (7th Cir. 2004). Facts that are submitted but do not conform with the rule are not considered by the Court. For example, facts not included in a party's Statement of Material Facts or in a party's Statement of Additional Facts are not considered by the Court because to do so would rob other parties of the opportunity to show such facts are disputed. Furthermore, the Court will not comb the record searching for issues of fact (or the lack thereof). Asserted "facts" not supported by deposition testimony, documents, affidavits or other evidence admissible for summary judgment purposes are not considered by the Court. Facts supported by admissible evidence in one party's statement of facts are deemed admitted if the opposing party denies the fact without citation to admissible evidence.

Plaintiff Thomas is a citizen of the state of Illinois. Defendant CitiMortgage is a Delaware corporation with its principal place of business in Missouri. In November 1979, Thomas assumed a previously existing mortgage, which CitiMortgage now holds.

Under the terms of the mortgage, Thomas was required to make a monthly payment on the first day of each month. It is undisputed that for during the year 1996, payments posted to Thomas's mortgage account on the following dates: January 25, 1996, February 29, 1996, March 21, 1996, April 22, 1996, June 24, 1996, July 29, 1996, August 22, 1996, September 23, 1996, October 31, 1996, November 22, 1996, December 19, 1996 and December 26, 1996. It is undisputed that Thomas wrote a check ("check # 2279") on or about May 22, 1996 and mailed the payment to CitiMortgage. It is undisputed that CitiMortgage never received the check. It is undisputed that check # 2279 never posted to Thomas's mortgage account with CitiMortgage.[2]

Beginning in May 1996, CitiMortgage contacted Thomas by letter and phone to inform him that his account was in arrears. Thomas responded in December 1996. Specifically, on December 16, 1996, Thomas sent to Lee Hilliard ("Hilliard") of CitiMortgage a letter stating that he had sent a check numbered 2279 ("check #2279") to CitiMortgage on May 22, 1996 but that the check had apparently been lost. The parties agree that CitiMortgage never received or deposited check #2279, and that check #2279 never cleared Thomas's account. In fact, Thomas put a "stop payment" on check #2279 so that it could not be deposited.

In his December 16, 1996 letter to CitiMortgage, Thomas also wrote:

> My primary concern is the effect on my credit rating and the fact that I have an application to refinace [sic] the mortgage which cannot be finalized, at

---

[2]Thomas's attempt to create an issue of fact as to when his mortgage payments were due fails. Thomas attempts to create an issue of fact by including business records produced to Thomas by CitiMortgage in discovery. The undisputed evidence establishes that those business records reflect not the date on which Thomas's mortgage payments were due but rather the date on which Thomas's interest was calculated on his "interest in advance" mortgage loan.

great cost to me, unless this matter is resolved and my credit cleared up. I have enclosed a check in the amount of the monthly payment on condition that it be applied to tha [sic] May payment and that it will allow you to remove the negative material relative to my credit rating. I will put a stop payment on check # 2279, or if it has already been processed somehow, I can be given a credit at the closing of the new mortgage.

CitiMortgage cashed the check enclosed with the December 16, 1996 letter and credited it to Thomas's account.

## II.     Summary Judgment Standards

Summary judgment should be granted when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). When making such a determination, the Court must construe the evidence and make all reasonable inferences in favor of the non-moving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986).

## III.    Discussion

When considering a state law claim pursuant to the Court's diversity jurisdiction, the Court applies federal procedural rules and state substantive law. *Anderson v. Griffin*, 397 F.3d 515, 520 (7th Cir. 2005). The duty of a federal court applying state substantive law is "to predict what the state's highest court would do if presented with the identical issue." *Taco Bell Corp. v. Continental Casualty Co.*, 388 F.3d 1069, 1077 (7th Cir. 2004). In this case, the parties agree that Illinois law applies to plaintiff's state law claims.

### A.     Plaintiff's claim for "negligent credit reporting"

In Count I, Thomas asserts a claim for "negligent credit reporting." It is unclear what sort of claim plaintiff is trying to prove. The Fair Credit Reporting Act provides a cause of action for

negligence. *See* 15 U.S.C. § 1681o ("Any person who is negligent in failing to comply with any requirement imposed under this subchapter with respect to any consumer is liable to that consumer . . ."). This provision generally applies to consumer reporting agencies. *Wantz v. Experian Information Solutions*, 386 F.3d 829, 833 (7th Cir. 2004); *Lamar v. Experian Information Systems*, 408 F. Supp.2d 591, 594 (N.D. Ill. 2006). It is undisputed that defendant is not a consumer reporting agency, and plaintiff has not made any argument or put forth any evidence to establish a claim under § 1681o.

Instead of a federal claim under § 1681o, both parties seem to agree that plaintiff is attempting to prove a state-law tort claim for negligent credit reporting, as evidenced by the fact that both parties spend time disputing whether the claim is preempted by federal law. The Court is not convinced such a claim is actionable under Illinois law, and neither party has brought to the Court's attention any caselaw that describes the elements of such a claim. The parties agree, however, that plaintiff's negligent credit reporting claim is preempted by the Fair Credit Reporting Act unless plaintiff establishes that CitiMortgage furnished false information with malice or willful intent to injure Thomas. *See* 15 U.S.C. § 1681h ("no consumer may bring any action or proceeding in the nature of defamation, invasion or privacy or negligence with respect to the reporting of information against any consumer reporting agency, any user of information, or any person who furnishes information to a consumer reporting agency . . . except as to false information furnished with malice or willful intent to injure such consumer."). Because the preemption issue is dispositive, the Court does not consider whether negligent credit reporting is actionable under Illinois law.

Thomas's claim is preempted by the Fair Credit Reporting Act unless he establishes that CitiMortgage furnished false information to a consumer reporting agency with malice or willful intent to injure Thomas. Although plaintiff does not put forth any evidence, the Court will assume CitiMortgage reported to consumer reporting agencies that Thomas was 30 days late with respect to his mortgage payment. Thomas puts forth no evidence that such reports were false. The parties agree that Thomas's check #2279 was never credited to his CitiMortgage account, that the check never cleared his personal bank and that he ultimately put a "stop payment" on that check. It is undisputed that Thomas did not make that payment until December 1996. Accordingly, the undisputed evidence is that Thomas's mortgage payment was at least 30-days in arrears from May to December 1996. In addition, the record is completely devoid of any evidence suggesting CitiMortgage acted with malice or willful intent to injure Thomas. Accordingly, Thomas's claim is preempted. CitiMortgage is entitled to judgment as a matter of law on Count I, and the Court grants CitiMortgage summary judgment on Count I.

B.   **Plaintiff's breach of contract claim**

In his breach of contract claim, plaintiff asserts that he and CitiMortgage entered an agreement whereby he would make a payment on his mortgage in exchange for CitiMortgage's agreement to "remove the negative material" from his credit rating. Plaintiff claims that CitiMortgage accepted the contract when it cashed the check he enclosed with the December 16, 1996 letter. CitiMortgage is entitled to summary judgment on this claim because plaintiff has, once again, failed to put forth sufficient evidence from which a jury could find for him on an essential element of his case: that the agreement was supported by consideration.

Whether plaintiff's claim is considered as an accord and satisfaction or as a simple contract, he cannot prevail unless he establishes that consideration supported the agreement. *See Saichek v. Lupa*, 787 N.E.2d 827, 832, 204 Ill.2d 127, 135 (Ill. 2003) ("An accord and satisfaction is a contractual method of discharging a debt or claim. To constitute an accord and satisfaction there must be: (1) a *bona fide* dispute, (2) an unliquidated sum, (3) consideration, (4) a shared and mutual intent to compromise the claim, and (5) execution of the agreement."); *Smith v. Jones*, 497 N.E.2d 738, 740, 113 Ill.2d 126, 132 (Ill. 1986) ("the elements of a breach-of-contract cause of action [are]: offer, acceptance, consideration and failure to perform.").

Consideration can consist of a promise, an act or a forbearance. *DiLorenzo v. Valve and Primer Corp.*, 807 N.E.2d 673, 678, 347 Ill.App.3d 194, 200 (1st Dist. 2004). Something one is already legally obligated to do, however, cannot constitute consideration. *DiLorenzo*, 807 N.E.2d at 679, 347 Ill.App.3d at 201 ("The preexisting duty rule provides that where a party does what it is already legally obligated to do, there is no consideration because there has been no detriment.") (quoting *Johnson v. Maki & Associates, Inc.*, 289 Ill.App.3d 1023, 1025 (1997)); *In re: the Marriage of Coufal*, 510 N.E.2d 25, 28, 156 Ill.App.3d 814, 820 (1st Dist. 1987) (agreeing that "the alleged consideration for the accord and satisfaction consisted wholly of pre-existing duties and, therefore, was not valid consideration.").

In this case, defendant is entitled to summary judgment, because plaintiff has failed to put forth evidence of consideration. Plaintiff claims that the payment he made with his December 16, 1996 letter constitutes consideration for the agreement. The flaw in plaintiff's argument, however, is that plaintiff already owed CitiMortgage that payment. It is undisputed that CitiMortgage never received a payment from plaintiff in May 1996 and that the check plaintiff

claims he mailed never posted to his CitiMortgage account and never cleared his bank. Plaintiff was already legally obligated–under the terms of the mortgage–to make the payment he enclosed with the December 16, 1996 letter. Because plaintiff already owed CitiMortgage the amount enclosed with his December 16, 1996 letter, that payment cannot constitute consideration for an additional agreement to "remove the negative material" from his credit rating. Plaintiff has not put forth any evidence of any additional consideration supporting the alleged agreement.

Accordingly, defendant is entitled to judgment as a matter of law on plaintiff's breach of contract claim, and its motion for summary judgment on Count II is granted.

### C. Plaintiff's claim for tortious interference

In Count IV, plaintiff asserts a claim for tortious interference with business expectancy. To survive summary judgment on Count IV, plaintiff must put forth sufficient evidence to establish or create an issue of fact on each of these elements: "(1) a reasonable expectancy of entering into a valid business relationship, (2) the defendant's knowledge of the expectancy, (3) an intentional and unjustified interference by the defendant that induced or caused a breach or termination of the expectancy, and (4) damage to the plaintiff resulting from the defendant's interference." *Voyles v. Sandia Mortgage Corp.*, 196 Ill.2d 288, 300-301 (Ill. 2001).

Here, plaintiff's claim fails as a matter of law on at least two of these elements. First, plaintiff has put forth no admissible evidence that he had a "reasonable expectancy" of entering into a valid business relationship." Plaintiff's only evidence for this element is a copy of a letter, in which Thomas wrote that he was refinancing his mortgage. That letter is inadmissible hearsay and cannot be used to prove that Thomas was in the process of refinancing his mortgage. Thomas also failed to put forth any deposition testimony or an affidavit to establish that he was

refinancing his mortgage. In addition, the Supreme Court of Illinois has held that one cannot establish a tortious interference claim based on furnishing information to a consumer reporting agency where the reported information was accurate. *Voyles*, 196 Ill.2d at 301. The plaintiff has failed to put forth any evidence that CitiMortgage reported inaccurate information.

For these reasons, CitiMortgage is entitled to judgment as a matter of law on Count IV. The Court grants CitiMortgage summary judgment on Count IV.

**IV.** **Conclusion**

For the reasons set forth above, the Court grants defendant's motion for summary judgment on Counts I, II and IV. All other pending motions are denied as moot, and this case is terminated.

ENTER:

George M. Marovich
United States District Judge

DATED:07/24/06